UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                            Case No. 3:07-cr-90-J-33HTS

DONALD E. TOUCHET,
RICHARD E. STANDRIDGE,
ROBERT J. JENNINGS, and
JOSHUA A. POOLE, a/k/a Josh Poole,
_____/

## ORDER

This cause comes before the Court pursuant to four defense motions primarily requesting that the Court sever the trial of various defendants.  The first motion, styled Joshua Poole's Motion for Severance and Separate Trial, was filed on July 30, 2007. (Doc. # 93.)  In this motion, Poole requests that the Court sever his trial from the trial of the remaining defendants.  In the second motion, styled Defendant Richard E. Standridge's Motion for Severance Pursuant to Rule 14, Fed. R. Crim. P., and Joinder in Poole's Motion for Severance, Standridge seeks to join in Poole's motion to sever.  (Doc. # 96.) Standridge filed this motion on July 31, 2007.

Standridge also filed the third motion on July 31, 2007. (Doc. # 95.)  Styled Defendant Richard E. Standridge's Motion for Relief from Duplicitous Count One and to Sever Counts Pursuant to Rule 8(b), this motion requests an order severing defendants on the theory that they were never properly joined.  The motion also

1

claims that Count One of the indictment actually charges two crimes. On this basis, the motion seeks either an order directing the government to elect which crime it wishes to pursue or an order dismissing the count. The fourth motion, styled Motion to Adopt and Conform Applicable Motions of Other Defendants, was filed by Poole on July 31, 2007. (Doc. # 97.) This motion seeks to join in Standridge's two motions.

In sum, both defendant Poole[1] and defendant Standridge request severance of defendants and relief from a duplicitous Count One. The government filed two memoranda in opposition to these four defense motions. The government's first memorandum responds to Poole's motion to sever defendants (Doc. # 93), in which Standridge joined. (Doc. # 100.) The government's second memorandum responds to Standridge's motion for relief from duplicitous count for severance (Doc. # 95), in which Poole joined. (Doc. # 102.) For the reasons that follow, both defense requests must be denied.

---

[1]The Court notes that Poole entered a plea of guilty on December 6, 2007, before the Magistrate Judge. That same day, the Magistrate Judge entered a report and recommendation recommending that the Court accept Poole's plea of guilty. (Doc. # 153.) Because Standridge is the defendant with the greatest apparent interest in these motions, the Court refers primarily to Standridge in its discussion of these issues. However, the analyses apply equally to Poole.

I.   **Background**[2]

On April 12, 2007, the grand jury in this case handed up an indictment charging five individuals with participation in a conspiracy involving fraudulent workers' compensation insurance. (Doc. # 1.)  The indictment contains twenty-five criminal counts and twenty-five counts for forfeiture.  According to the indictment, the defendants used three insurance companies to sell sham workers' compensation insurance to client companies.  These three insurance companies were Regency Insurance of the West Indies, Transpacific International Insurance Company, and Pacific General Insurance Company.[3]  The defendants controlled several employee leasing companies, also called PEOs (Professional Employee Organizations).[4]  These companies hire employees and "lease" them back to the client companies who actually use the employees' services.  The PEOs obtain workers' compensation insurance and provide payroll and other employment-related services, in exchange for payment from client companies.  In sum, the indictment alleges

_____

[2]This section recites allegations in the indictment as necessary to discuss the issues raised in the defense motions.  Of course, all defendants enjoy a presumption of innocence, i.e. that the allegations in the indictment are false.

[3]The government seems adamantly to oppose any reference to these entities as insurance companies.  (See Doc. # 102, at 3 n.2.) The Court refers to these entities as insurance companies only to facilitate discussion of the issues at bar.  The Court does not decide that these entities are, or are not, insurance companies.

[4]The Court adopts the parties' custom of referring to these companies as PEOs.

the defendants defrauded client companies by falsely representing to them that the PEOs were providing legitimate workers' compensation insurance.  Thus, the payments from client companies represented the proceeds of the fraud.  In other words, the client companies were defrauded into paying for workers' compensation insurance that was not actually provided.

Count One charges all five defendants with participation in a single conspiracy.  The remaining counts charge various defendants with wire fraud, mail fraud, and money laundering related to the conspiracy.  Count One enumerates various overt acts taken by the alleged conspirators.  The indictment lists these overt acts by the entity to which they relate.  The indictment names Standridge as having personally participated in numerous overt acts, though Standridge is not listed in the sections devoted to overt acts related to the following PEOs: Miralink Group, Inc.; TMG; Core Employer Services, Inc.; CSI/Horizons PEO; Omne; and Alarre Partners, Inc.  Similarly, the indictment names Poole as having participated in numerous overt acts, but none in the sections for the following PEOs:  TTC; Pyramid Employer Services, Inc.; Total Employment Company, Inc.; MRIK; TMG; Core Employer Services, Inc.; and Alarre Partners, Inc.  Standridge and Poole are not named together in any section.

## II.  Duplicity of Count One

Because Standridge and Poole are not named together in any

section, they argue that Count One is duplicitous.  Specifically, they argue that Count One charges two separate conspiracies.  The first was a conspiracy to sell fraudulent workers' compensation insurance through the following PEOs:  TTC; Pyramid Employer Services, Inc.; Total Employment Company, Inc.; and MRIK.  The members of this conspiracy were Brewer, Touchet, Jennings, and Standridge.  The Court refers to this as the Standridge conspiracy.[5]  The second conspiracy involved the sale of fraudulent workers' compensation insurance through the following PEOs: Miralink Group, Inc.; TMG; Core Employer Services, Inc.; CSI/Horizons PEO; Omne; and Alarre Partners, Inc.  The members of this conspiracy were Brewer, Touchet, Jennings, and (sometimes) Poole.  The Court refers to this as the non-Standridge conspiracy.

Standridge argues that he is not alleged to have participated in, encouraged, or even known about, the transactions relevant to the non-Standridge conspiracy.  (Doc. # 95, at 2.)  Standridge further argues that he is not alleged to have known about the PEOs involved in the non-Standridge conspiracy, or the two insurance companies involved in most transactions in the non-Standridge conspiracy.  (Doc. # 95, at 2.)  Finally, Standridge points out that he is not alleged to have done anything after September 10, 2002, though activities relevant to the non-Standridge conspiracy

---

[5]The Court adopts this convention only to facilitate discussion of the issues.  The Court's use of this convention does not imply that count one in fact charges two separate conspiracies.

are alleged to have continued until early 2004.

According to Standridge, the allegations of Count One show that a wheel-and-spoke conspiracy is charged. Certain conspirators acted as the hub and were involved in the entire conspiracy. Standridge, though, was a spoke. He was involved in only some of the conspiracy's transactions.

Standridge cites several cases for the proposition that the individual spokes of a single wheel conspiracy must be aware of the existence of other spokes and must do something to further a single illegal enterprise. (Doc. # 95, at 6.) Standridge then argues there is no allegation that Standridge "knew about, participated in, or encouraged others to participate in fraudulent workers' compensation transactions involving the PEOs known as Miralink, TMG, Core, CSI, Horizon, Omne, and Allare Partners."

The government counters that there is no requirement that a conspirator "have knowledge of all of the details of the conspiracy or be aware of all of the participants or participate in every stage." (Doc. # 102, at 9-10 (quoting United States v. Reed, 980 F.2d 1568, 1582 (11th Cir. 1993).) Instead, "[i]f there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy, then there is a single conspiracy." (Doc. # 102, at 10.) The government argues the indictment charges just such a single conspiracy.

6

The government is correct that it need not prove at trial that Standridge knew all the details of the conspiracy or participated in every stage, but its burden in bringing the charge is even lighter.  To charge a single conspiracy, as opposed to multiple conspiracies, the government need only to allege a single agreement.  This the government has properly done.  The indictment alleges that all defendants entered a single agreement to commit offenses against the United States.  (Doc. # 1, at 9.)  Thus, it alleges a single conspiracy.

In <u>Braverman v. United States</u>, the Supreme Court explained that one agreement is one conspiracy.  317 U.S. 49, 53 (1942).

> For when a single agreement to commit one or more substantive crimes is evidenced by an overt act, as the statute requires, the precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects. Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.
>
> The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for "The conspiracy is the crime, and that is one, however diverse its objects."

<u>Id.</u> at 53–54 (quoting <u>Froherk v. United States</u>, 249 U.S. 204, 210 (1919)).  Here, the indictment alleges one agreement to commit several offenses.  (Doc. # 1, at 9–10.)  Thus, the indictment charges only one conspiracy.

The fact that Standridge is not alleged to have participated in certain overt acts does not mean the indictment charges more than one conspiracy.   To properly charge a conspiracy, the government was required only to specify one overt act, <u>Onderdonk v. United States</u>, 16 F.2d 116, 116 (5th Cir. 1926), which may have been committed by only one of the conspirators, <u>Braverman</u>, 317 U.S. at 53.   Consequently, the indictment could have properly charged Standridge with this conspiracy even if it nowhere stated that Standridge participated in any overt act.

Having charged a single conspiracy, it is now the government's burden to prove that conspiracy at trial.   "The jury makes the initial determination of whether the evidence supports the single conspiracy charged in the indictment."   <u>United States v. LaSpesa</u>, 956 F.2d 1027, 1031 (11th Cir. 1992).   Standridge is free to argue to the jury that the evidence in this case compels the conclusion that there were two conspiracies.   However, there is no requirement that the government prove its case in the indictment.   The indictment alleges a single conspiracy, and it need do no more than that.

### III. Misjoinder and Severance

Standridge argues that several counts of the indictment are misjoined under Rule 8(b), Federal Rules of Criminal Procedure. (Doc. # 95, at 7-8; <u>see also</u> Doc. # 93, at 5-8 (Poole's motion, in which Standridge joined).)   The fulcrum on which this argument

pivots is Standridge's claim that Count One charges two separate conspiracies. (Doc. # 95, at 7-8 ("Without Count 1, the remaining substantive counts of the Indictment are misjoined."); see also Doc. # 93, at 8 (Poole's motion, in which Standridge joined).) According to Standridge, these several counts charge other defendants with substantive offenses related to the non-Standridge conspiracy. Because the Court determines that Count One charges only one conspiracy, and thus does not allege a non-Standridge conspiracy, the Court rejects this argument.

"Rule 8(b) . . . makes clear that joinder of the defendants for trial is proper where the indictment charges multiple defendants with a single conspiracy and also charges some of the defendants with substantive counts arising out of the conspiracy." United States v. Simon, 839 F.2d 1461, 1472 (11th Cir. 1988); accord United States v. Beale, 921 F.2d 1412, 1429 (11th Cir. 1991); United States v. Aiken, 76 F. Supp. 2d 1346, 1351 (S.D. Fla. 1999); United States v. Edelin, 118 F. Supp. 2d 36, 40 (D.D.C. 2000). The indictment in this case charges all defendants with a single conspiracy, and charges individual defendants with substantive counts arising out of the conspiracy. Thus, joinder is proper.[6]

---

[6]Of course, if it turns out that there is insufficient evidence to support the single conspiracy charged, the Court will be particularly sensitive to the possibility that prejudice will warrant a severance. See Schaffer v. United States, 362 U.S. 511, 516 (1960) (emphasizing that trial court has continuing duty to

Standridge also argues that the Court should sever his trial from that of the other defendants because evidence used against the other defendants will spill over and prejudice Standridge, denying him a fair trial.  Additionally, Poole points to the possibility of a <u>Bruton</u> problem.  Such a problem occurs when one defendant has given a statement implicating a co-defendant.  This statement may be admissible against that defendant but not against the co-defendant.  In <u>Bruton v. United States</u>, the Supreme Court determined that such a statement creates a problem: the risk is great that the jury will impermissibly consider the defendant's statement in its evaluation of the co-defendant.  391 U.S. 123, 135–36 (1968).  Poole explains that he made statements implicating other defendants in this case, and he argues that such statements cannot be redacted without changing their meaning.  He further posits that other defendants may have made statements implicating Poole.  He theorizes that both his own statements and other defendants' statements may create <u>Bruton</u> problems.  Poole implies that a severance would alleviate these problems.

The Court rejects Poole's <u>Bruton</u> argument as premature.  None of these statements is before the Court, and the Court is thus

_____

grant a severance if prejudice appears, and that trial court must be particularly sensitive to prejudice where conspiracy count "which originally justified joinder turns out to lack the support of sufficient evidence"); <u>United States v. Fernandez</u>, 892 F.2d 976, 990 (11th Cir. 1989).

unable to evaluate whether a severance is needed.[7]

Standridge's general argument that a joint trial will be prejudicial also fails.  Rule 14 "permits a district court to grant a severance of defendants if 'it appears that a defendant or the government is prejudiced by a joinder.'"  Zafiro v. United States, 506 U.S. 534, 535 (1993) (quoting Fed. R. Crim. P. 14(a)).  Where defendants were properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Id. at 539.  Severance is warranted only where the defendant demonstrates that "a joint trial would result in specific and compelling prejudice to the conduct of his defense."  United States v. Balsingame, 219 F. App'x 934, 948 (11th Cir. 2007); see also United States v. Marszalkowski, 669 F.2d 655, 660 (11th Cir. 1982).  The Court must determine,

> [w]hether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.  In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him?  If so, though the task may be difficult, severance should not be granted.

---

[7]The Court declines to order an attorney for the government to deliver these statements for in camera inspection as authorized under Rule 14(b).  Because Poole has entered a plea of guilty, it appears unlikely this Bruton problem will manifest itself.

11

United States v. Kabbaby, 672 F.2d 857, 861 (11th Cir. 1982); see also Balsingame, 219 F. App'x at 948.  Standridge has entirely failed to demonstrate specific and compelling prejudice.  In fact, Standridge has failed even to identify any specific prejudice.

**IV.  Conclusion**

Because it alleges one agreement between all conspirators, the indictment charges only one conspiracy.  Thus, Count One is not duplicitous.  Additionally, joinder of all defendants was proper because the indictment charges that all defendants participated in the charged conspiracy, and also charges substantive offenses arising out of that conspiracy.  Finally, the Court declines to grant a severance because Standridge has not identified any specific prejudice that would result from a joint trial.  The Court will remain vigilant and will grant a severance if at any time it appears a severance is warranted.  The Court rejects Poole's Bruton argument as premature.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.  Joshua Poole's Motion for Severance and Separate Trial (Doc. # 93) is **DENIED** without prejudice.

2.  Defendant Richard E. Standridge's Motion for Severance Pursuant to Rule 14, Fed. R. Crim. P., and Joinder in Poole's Motion for Severance (Doc. # 96) is **GRANTED** only to the extent that Standridge seeks to join in Poole's motion to sever.  Otherwise, it

is **DENIED** without prejudice.

3.    Defendant Richard E. Standridge's Motion for Relief from Duplicitous Count One and to Sever Counts Pursuant to Rule 8(b) (Doc. # 95) is **DENIED**.

4.    Poole's Motion to Adopt and Conform Applicable Motions of Other Defendants (Doc. # 97) is **GRANTED** only to the extent that Poole seeks to join in the motions of other defendants.  Otherwise, it is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 13th day of December 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record