UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 3:07-cr-90-J-33HTS

DONALD E. TOUCHET,
RICHARD E. STANDRIDGE, and
ROBERT J. JENNINGS
_____/

<u>**ORDER**</u>

This cause comes before the Court pursuant to Dr. Richard E. Standridge's Motion to Limit the Testimony of Proposed Expert Witness Lynn Szymoniak (Doc. # 186), filed on January 2, 2008. The government filed a response on January 4, 2008.

Standridge seeks an order precluding the government's expert witness Lynn Szymoniak from presenting expert testimony on two matters: (1) "the knowledge of persons associated with Professional Employer Organizations ("PEO"), Third-Party Administrators ("TPA"), insurance companies or other similar entities"; and (2) "what the law of any particular state requires." (Doc. # 186, at 1.) The Court addresses each topic of potential testimony in turn, and finds that Standridge's motion is due to be denied as to the first matter and granted as to the second.

**I.  Opinion Testimony on Knowledge of Those Associated with the Relevant Industry**

Standridge seeks to preclude Szymoniak from presenting an expert opinion that those associated with PEOs and similar entities

1

are familiar with workers' compensation and "the loss fund concept as it applies to workers' compensation."[1]  According to Standridge, Szymoniak has previously testified that "[a]ll PEO owners with whom she has spoken know workers' compensation and the laws governing workers compensation" and "are familiar with the loss fund concept as it applies to workers' compensation." (Doc. # 186, at 2.)  This testimony was based on conversations Szymoniak had with between fifty and 100 PEO-owners.  Standridge argues that an expert opinion based on casual conversations with fifty to 100 PEO-owners is inadmissible.  Rule 703, Federal Rules of Evidence, provides,

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived or made known to the expert at or before the hearing.  If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

Fed. R. Evid. 703.  Standridge equates Szymoniak's conversations with fifty to 100 PEO-owners to a casual and unscientific survey. As such, these conversations do not qualify as the type of facts or data reasonably relied upon by experts in Szymoniak's field.

---

[1]Standridge does not identify precisely what opinion testimony he seeks to preclude.  Instead, he explains Szymoniak has previously testified that all PEO-owners with whom she has spoken have this knowledge.  He then argues that Szymoniak's conversations with such people are inadequate to support an expert opinion. Thus, it is clear that Standridge seeks to prevent Szymoniak from opining that all, or most, PEO-owners and others involved in this industry are familiar with the law governing workers' compensation and the loss fund concept as it relates to workers' compensation.

The government argues that Standridge has mischaracterized the basis for Szymoniak's opinion.  Instead of an informal survey of PEO owners, Szymoniak's opinion was based on her "years of training and experience," which includes "what PEO owners/operators have told her over the yeas about the business itself." (Doc. # 193, at 4.)

To resolve this dispute, the Court must determine whether Szymoniak's opinions are founded on facts or data reasonably relied upon by experts in Szymoniak's field.  Szymoniak is a lawyer who practices "almost exclusively in insurance coverage issues, and within that, workers' compensation insurance premium issues." (Doc. # 186-3, at 6.)  She has been practicing in this area since 1989.  (Doc. # 186-3, at 7.)  In another case, this Court has found Szymoniak to be an expert in the field of workers' compensation insurance.  (Doc. # 186-3, at 37.)  The question, then, is whether an expert in the field of workers' compensation insurance would reasonably rely upon years of training and experience, including communications with fifty to 100 PEO-owners, to form an opinion on what constitutes common knowledge in this field.

To put the question this way is to resolve it.  Standridge has not cited a single case for the proposition that an expert in a particular industry cannot reasonably rely upon her experience, including communications with other participants in the industry, to form an opinion on whether certain information is common

3

knowledge in the industry.  Indeed, little over a year ago, a Court in the Middle District of Florida noted that common knowledge in an industry might be proven by expert testimony.  <u>Essex Builders Group, Inc. v. Amerinsure Ins. Co.</u>, 485 F. Supp. 2d 1302, 1308 (M.D. Fla. 2006).  The Court finds that an expert in the field of workers' compensation insurance may reasonably rely upon communications with PEO-owners, in conjunction with years of experience, to form an opinion as to whether PEO-owners and those associated with similar entities are commonly familiar with workers' compensation and the loss fund concept as it relates to workers' compensation.  Consequently, Standridge's motion must be denied on this front.

## II.  Testimony as to Requirements of Workers' Compensation Laws

Standridge seeks to preclude Szymoniak from offering testimony "on what the laws of Florida and other states require." (Doc. # 186, at 4.)  In support of this, Standridge cites the uncontroversial principle that questions of law are exclusively for the Court to decide.

The government disputes the applicability of that principle to Szymoniak's proposed testimony[2] but nevertheless apparently

---

[2]The government explains that Szymoniak's proposed testimony would not concern the law directly governing this case, i.e., the elements of the charged offenses or the principles the jury should follow in reaching a verdict.  Rather, Szymoniak's testimony would concern "general legal requirements in this industry." (Doc. # 193, at 5.)

concedes the issue.   The government states it will file a motion requesting that the Court take judicial notice of relevant state statutes.   According to the government, that "will eliminate this issue." (Doc. # 193, at 6.)   Thus, the Court grants Standridge's motion on this issue.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.   Dr. Richard E. Standridge's Motion to Limit the Testimony of Proposed Expert Witness Lynn Szymoniak (Doc. # 186) is hereby granted in part and denied in part.

2.   Szymoniak may present an otherwise proper expert opinion on whether PEO-owners and those associated with similar entities are commonly familiar with workers' compensation and the loss fund concept as it relates to workers' compensation.

3.   Szymoniak may not present an expert opinion as to the requirements of the laws of Florida and other states.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 8th day of January 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record

5