UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                Case No. 3:07-cr-90-J-33HTS

DONALD E. TOUCHET,
RICHARD E. STANDRIDGE, and
ROBERT J. JENNINGS
_____/

### ORDER

This cause comes before the Court pursuant to Touchet's oral motion to dismiss and Jennings' oral motion for reconsideration of disclosure of exculpatory material. Both motions were made at trial on January 17, 2008, in response to the revelation that the government had not disclosed to the defendants prior to trial the fact that federal charges are currently pending against a government witness in the Central District of California. The government's witness, Thomas Brown, had been charged in the Central District of California with violating 18 U.S.C. § 669, an offense punishable by imprisonment up to ten years. The charge gave rise to a plea agreement, but no guilty plea was entered and the charge is apparently still pending.[1]

---

[1] The government explained that the charge was transferred to this district along with a proposed plea agreement. When the prosecutor spoke with Brown, however, Brown represented that some of the material he agreed to admit was untrue. The prosecutor said he refused to accept a plea agreement under which the defendant would admit to facts that were untrue. Thus, the government transferred the case back to the Central District of California.

1

The defendants argued that the plea agreement and pending charge amount to favorable defense evidence that should have been disclosed under a line of authorities including Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Because this information was not disclosed pretrial, Touchet argues that the indictment must be dismissed.

Jennings' argument is more complex. The Sunday before trial began, Jennings filed a motion seeking disclosure of favorable defense information the government "has, or with due diligence can acquire, concerning its witnesses." (Doc. # 207.) The government filed a response the next day representing that it had already provided all such material. (Doc. # 223.) Thus, the government argued Jennings' motion was moot. (Doc. # 223.) The Magistrate Judge granted Jennings' motion to the extent the government already had an obligation to provide such information under the standing order entered on May 4, 2007; otherwise, the Magistrate Judge denied the motion. (Doc. # 239.) Under the standing order, the government was required to provide Jennings with "all information and material known to the Government which may be favorable to [Jennings] on the issue of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963)."[2] (Doc. # 55.) Presumably,

---

[2]The standing order imposed this obligation on the government only if Jennings filed a "Notice of Acceptance of General Discovery" within ten days of the entry of the standing order. (Doc. # 55, at 2.) Jennings filed such a notice the very same day. (Doc. # 54.)

Jennings seeks reconsideration of the denial. If that is true, Jennings' argument must be that his right to favorable defense material was broader under the Brady line of authorities than the standing order.

To resolve these defense arguments, the Court must first decide whether Brown's plea agreement and pending charge in the Central District of California amount to favorable defense evidence that should have been disclosed under the Brady line of authorities. Addressing Touchet's argument, the Court must next determine whether dismissal of an indictment is the proper remedy for a failure to disclose Brady material. Finally, to resolve Jennings' argument, the Court must determine whether the right to favorable defense evidence is broader under the Brady authorities than under the Court's standing order. The Court addresses each matter in turn.

In Brady, the Supreme Court held that the suppression of favorable defense evidence "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). This rule covers evidence useful for impeachment of a government witness. United States v. Bagley, 473 U.S. 667, 676 (1985). Be it purely exculpatory or valuable for impeachment, though, the evidence must be material before it falls within the Brady rule. Bagley, 473 U.S. at 677-78. Evidence is material "if

3

there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Youngblood v. West Virginia, 547 U.S. 867 (2006) (internal quotation marks omitted). In this case, the Court is doubtful that Brown's plea agreement and pending charge could meet this standard. Even without this information, the defendants were able to level a withering cross-examination against Brown. And in any case, the defendants discovered this information and used it on cross-examination of Brown. There is no reasonable probability that an earlier disclosure of this evidence would have had any significant effect on this trial. For that reason, there was no due process violation under Brady when the government failed to produce this evidence before trial. Bagley, 473 U.S. at 675-76.

Even if there were a violation, though, dismissal of the indictment would not be the appropriate remedy. Instead, a court should order a new trial where a Brady violation undermines the original proceeding. Cf. United States v. Newton, 44 F.3d 913, 918 (11th Cir. 1994) (evaluating supposed Brady violation to determine whether new trial was warranted). This is because a Brady violation provides reason to doubt the outcome of the original proceeding. The object of a remedy, then, is not to punish government misconduct but to ensure a reliable trial. Cf. Brady, 373 U.S. at 87 (explaining justification for rule is not punishment of society for failings by prosecutor but "avoidance of an unfair

4

trial to the accused). This object is accomplished not by dismissing the indictment but by granting a new trial. Consequently, Touchet's motion to dismiss the indictment must be denied whether or not there was a Brady violation.

Turning to Jennings' argument, the Court perceives that the standing order might be interpreted as requiring the government to disclose only exculpatory information in its possession as of the deadline for disclosure imposed by the standing order. It appears Jennings gives the standing order this interpretation. Such an interpretation imposes upon the government too limited a duty, and is not the correct interpretation of the standing order. Instead, the standing order imposes precisely the same obligation to disclose favorable defense material as is imposed by the Brady line of authorities themselves. Thus, the Magistrate's order correctly granted Jennings' motion only to the extent required by the Brady line of authorities. Jennings' motion to reconsider must also be denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Touchet's oral motion to dismiss the indictment is hereby **DENIED**.

2. Jennings' oral motion for reconsideration of the Magistrate Judge's Order is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this

28th day of January 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record