UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:07-cr-90-J-33HTS

JERRY M. BREWER,
DONALD E. TOUCHET,
RICHARD E. STANDRIDGE,
ROBERT J. JENNINGS and
JOSHUA A. POOLE, a/k/a
JOSH POOLE
_____/

**ORDER**

This matter is before the Court on the Receiver's Motion and Memorandum Seeking Approval of Private Sale of Receivership Property (the "Motion," Doc. 532) on the terms and conditions set forth in the Motion.[1] The Motion is unopposed (Doc. 537). The Receiver seeks entry of an Order approving of the private sale of real property commonly known as Unit No. D-9, of Cluster D, Rough Creek Villas, a

---

[1] On December 21, 2007, the Court appointed Phillip S. Stenger as the Receiver (the "Receiver") for real and personal property derived from participants in the worker's compensation insurance fraud scheme that forms the basis of this action and related criminal prosecutions, including certain property forfeited by Michael Lee McCafferty ("McCafferty") in the related case of United States v. Michael Lee McCafferty, Case No. 3:06-cr-305-J-33MCR (the "Receivership Assets"). The Receiver is authorized to take possession of the Receivership Assets for the benefit of the victims of the fraudulent scheme. The Receivership Assets include the Property.

Condominium, located at 9867 Sawgrass Drive East, Ponte Vedra Beach, County of St. Johns, State of Florida (the "Property").[2]

On April 28, 2009, the Receiver entered into a Private Sale Agreement (Ex. E, Doc. 532-6) for the sale of the Property to Kevin C. Seramur and Maria P. Seramur for the sum of U.S. $167,000. The Private Sale Agreement is expressly contingent upon the approval of the sale by the Court and upon the Court's approval of a listing agreement dated April 28, 2009, that the Receiver entered into with RE/MAX Unlimited, Inc. (the "Listing Agreement").[3]

The Court can authorize the sale of real estate within

---

[2] The Property is legally described as:

> Unit No. D-9, of Cluster D, Rough Creek Villas, a Condominium, according to the Declaration of Condominium as recorded in Official Records Volume 247, Page 1, as amended by Amendments to Declaration of Condominium in Official Records Volume 247, Page 360, Official Records Volume 387, page 507, and Official Records Volume 390, Page 361 of the Public Records of St. Johns County, Florida and any other amendments thereto, together with an undivided 1/60 interest in the common elements appurtenant thereto.

(Doc. 532 at p. 8).

[3] A copy of the Listing Agreement is attached to the Motion as Exhibit F, Doc. 532-7.

the receivership estate. SEC v. Am Capital Invs., Inc., 98 F.3d 1133, 1144-45 (9th Cir. 1996), *abrogated in part by* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998). This power is limited, however, by the requirements for sale set forth in 28 U.S.C. § 2001. See Kirkland v. Sunset Bay Club, Inc., 2006 WL 3627557, at *2 (M.D. Fla. Dec. 11, 2006). Section 2001(b), which governs court-ordered private real estate sales, provides that:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interest of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under the conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

Review of the Motion confirms that the actions taken to

date by the Receiver regarding the Property comply with the requirements of Section 2001(b). Specifically, when he filed the Motion, the Receiver satisfied the "prior notice" requirement that all interested parties be given notice of the proposed sale prior to confirmation.[4]

In addition, and in accordance with requirements of Section 2001(b), the Motion included three appraisals (the "Appraisals") from "disinterested persons." As required by Section 2001(b), the Appraisals confirm that the sale price for the Property of U.S. $167,000, listed in the Private Sale Agreement, is in excess of the two-thirds average of the appraised value.[5]

Review of the Motion also makes clear that the Receiver's proposed actions will ensure that the remaining requirements of Section 2001(b) will be met. Specifically, Section 2001(b)

---

[4] The Receiver informs the Court that McCafferty will be notified about the sale of the Property.

[5] See Doc. 532, p. 9, ¶ 8. For complete copies of the respective appraisal reports, see Exs. G-I, Docs. 532-8-532-10. The average of the three appraisals is U.S. $221,667; two-thirds of the average appraised value is U.S. $147,778; two-thirds of the lowest appraised value is U.S. $146,667; and two-thirds of the highest appraised value is U.S. $150,000. The Receiver informs the Court that the sale price of U.S. $167,000 under the Private Sale Agreement is well in excess of the two-thirds of the average of the appraised value as required by 28 U.S.C. § 2001(b).

requires that the Receiver publish the terms of the proposed sale in a newspaper of general circulation, as the Court directs, at least ten (10) days before confirmation of the sale. The Motion includes a "Publication Notice" (Ex. A, Doc. 532-2). The Receiver asks the Court to authorize publication of one or more notices of the Publication Notice, in a form substantially similar to that found in Exhibit A, in a newspaper or newspapers of general circulation, including the *Florida Times-Union*.

Finally, Section 2001(b) also provides that the Court shall not confirm a private sale if a *bona fide* offer is made, under conditions prescribed by the Court, which guarantees at least a ten percent (10%) increase over the price offered in the private sale. The Motion contains a suggested list of conditions (the "Conditions"). The Receiver asks the Court to prescribe the Conditions to any offers for the Property.[6] In the interest of brevity, the Conditions will not be reproduced here.

Having reviewed the Motion, the Court finds that the proposed sale of the Property is in the best interest of the

---

[6] See Doc. 532, pp. 4-5, ¶ 2(a-f) for the complete list of Conditions, which includes the "Judicial Sale Agreement," attached to the Motion as Exhibit C, Doc. 532-4.

fraud victims and will meet the requirements of Section 2001(b).

Accordingly, it is hereby

**ORDERED, ADJUDGED and DECREED:**

(1) The Motion and Memorandum Seeking Approval of Private Sale of Receivership Property (Doc. 532) is **GRANTED**;

(2) Through the entry of this Order, the Court is:

 A. Authorizing the Receiver to conduct a private sale of the Property on the terms and conditions and utilizing the procedures as set forth in the Motion and as specified below, so as to grant the purchaser, except as provided by the Court, the Private Sale Agreement, or the Judicial Sale Agreement, as appropriate, good and clear title as against the world, free and clear of all liens, encumbrances, claims and interests of any kind, with such liens, encumbrances, costs, claims and interests, if any, to attach to the sale proceeds, except as to such liens, encumbrances, costs, claims and interests as the Receiver is directed by this Court to satisfy at closing of the sale of the Property or subject to which the purchaser has agreed to accept title to the Property;

 B. Ratifying the Receiver's employment of three (3)

independent appraisers for the Property, their appraisals and the payment of the appraisers' fees;

C. Approving the Listing Agreement for the Property, attached to the Motion as Exhibit F, Doc. 532-7;

D. Setting the Telephonic Confirmation Hearing for the sale of the Property for Tuesday, June 16, 2009, at 1:30 PM, and directing the Receiver to telephone Ms. Leida Santiago, Courtroom Deputy for Judge Virginia M. Hernandez Covington, at (813) 301-5348 to make final arrangements for the Telephonic Confirmation hearing no later than Friday, June 12, 2009;

E. Finding that the Conditions under which *bona fide* offers for the Property may be made at the Confirmation Hearing should be identical to those requested by the Receiver, defined in this Order as the "Conditions" and fully set forth in ¶2 (a-f) of the Motion and in the Judicial Sales Agreement, attached to the Motion as Exhibit C, Doc. 532-4;

F. Directing the Receiver, pursuant to 28 U.S.C. §2001(b), to specifically notify McCafferty as an interested party of the private sale;

G. Authorizing the Receiver, in the event the Potential Buyer identified herein for the Property is not confirmed by the Court as the purchaser of the Property, to return to the

Potential Buyer the Initial Deposit paid by the Potential Buyer to the Receiver (Seller), as specified in the Private Sale Agreement;

H.  Directing the Receiver, pursuant to 28 U.S.C. §2001(b), to publish one or more notices of the Publication Notice in a form substantially similar to that attached to the Motion as Exhibit A, Doc. 532-2, but including the date and time for the Telephonic Confirmation Hearing set forth in Section D above, in a newspaper or newspapers of general circulation, including the *Florida Times-Union*;

I.  Authorizing the Receiver to pay all costs incurred in connection with the maintenance or sale of the Property, including, without limitation, the costs of such publication, out of the "U.S.A. v. Brewer, *et al.* Combined Settlement Fund, Phillip S. Stenger as Receiver" Account established by the Receiver at Fifth Third Bank in Grand Rapids, bearing Account No. 7165324455; and

J.  Authorizing the Receiver to pay at closing, out of the proceeds of the sale of the Property, all then unpaid commissions, taxes, recording fees, title costs, liens, charges and encumbrances which, under the terms of the Private Sale Agreement entered into with the Potential Buyer, or the

Judicial Sale Agreement, as appropriate, are an obligation of the Receiver (Seller).

**DONE** and **ORDERED** in Jacksonville, Florida on this 12th day of May, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Receiver
McCafferty