**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

                                                Case No. 3:07-cr-90-J-33HT

v.

JERRY M. BREWER,
DONALD E. TOUCHET,
RICHARD E. STANDRIDGE,
ROBERT J. JENNINGS, and
JOSHUA A. POOLE a/ka Josh Poole

_____/

**ORDER AUTHORIZING RECEIVER TO CONSIGN**
**RECEIVERSHIP ASSET FOR AUCTION SALE**

This matter is before the Court pursuant to the Receiver's Motion for Authority to Consign Receivership Asset for Auction Sale (Doc. #622), filed on October 4, 2010, seeking entry of an order (1) authorizing the Receiver to consign a 2000 Jaguar S-Type sedan, bearing VIN SAJDA01C8YFL68248, forfeited in the related case of *United States v. William Colton Coile*, Case No. 3:07-cr-146-J-33HTS,[1] to Manheim's Greater Pensacola Auto Auction, Inc. of Pensacola, FL, for sale at its auto auction on October 21, 2010, and (2) ratifying the Receiver's Auction Consignment Agreement (Ex. A to Motion, Doc. #622-1) with Manheim's governing the terms of said consignment.

---

[1] On April 1, 2009, the *Coile* Court entered an Order (Doc. #45) dismissing the Orders of Forfeiture for Substitute Assets previously entered against Coile in that case, and directed the United States Marshals Service to release Coile's assets, including the vehicle in question, to the Receiver for liquidation.

This Court has discretion to consider the proposed consignment sale pursuant to 28 U.S.C. § 2004, governing the sale of personal property under an order of any court of the United States, which provides that such personalty "shall" be sold in accordance with the procedures set forth in 28 U.S.C. § 2001, "*unless the court orders otherwise*." In considering liquidation of the vehicle by consignment sale, the Court has reviewed the evidence and arguments submitted in support of the motion.

After consideration, this Court concludes that the interests of the victims of the underlying fraud are best served by the consignment sale recommended by the Receiver.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

1. The Receiver's Motion for Authority to Consign Receivership Asset for Auction Sale (Doc. # 622) is hereby **GRANTED.**

2. The Receiver is hereby **AUTHORIZED** to consign the vehicle to Manheim's for sale at its auto auction on October 21, 2010.

3. The Receiver's Agreement with Manheim's, consigning the vehicle for sale at Manheim's October 21, 2010 auto auction, is hereby **RATIFIED.**

4. The purchaser of the vehicle at auction, upon payment of all sums due and owing from the purchaser to Manheim's, shall hold good and clear title to the vehicle so purchased as against the world, free and clear of all liens, encumbrances, costs, claims and interests of any kind.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>12th</u> day of October 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

United States Marshals Service

3