# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSON DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 3:07-cr-90-VMC-JBT
                                             Hon. Virginia M. Hernandez Covington

v.

JERRY M. BREWER, et al.,

        Defendants.
_____/

## ORDER APPROVING PUBLIC SALE OF PROPERTY

This cause coming on to be heard on the "*Receiver's Motion and Memorandum Seeking Approval to Conduct Public Sale of Property*" (the "**Motion and Memorandum**"), filed by Phillip S. Stenger as Receiver for the assets of Michael Lee McCafferty (the "**Receiver**"), by and through his attorneys, Stenger & Stenger, P.C., moving this Court to enter an order authorizing the Receiver to conduct a public sale of the Receivership Estate's real properties in Putnam County, Florida, legally described below, as a whole and "as is," without any warranties of any type.

Having considered the evidence and the arguments before it, the Court now makes the following findings of fact and conclusions of law:

1.    On December 21, 2007, this Court entered an *Order Appointing Receiver* (the "**Appointment Order**") (Doc. #163), appointing Phillip S. Stenger to act as Receiver for certain real property assets, described below, formerly forfeited to the United States in the related case of *United States v. Michael Lee McCafferty*, Case No.

3:06-cr-305-J-33MCR ("*McCafferty*"), pursuant to a *Final Judgment of Forfeiture for Substitute Assets* (*McCafferty* Doc. # 54), entered therein on November 30, 2007.

2. On January 15, 2008, the *McCafferty* Court, on motion by the United States, entered an *Order* (*McCafferty* Doc. # 56) dismissing the *Final Judgment of Forfeiture for Substitute Assets* (*McCafferty* Doc. # 54) in lieu of restitution to victims, and directed the United States Marshals Service to release the real property assets into the custody and control of the Receiver for liquidation and disbursement for the benefit of the victims of the fraud scheme.

3. Among the assets released to the Receiver for liquidation were "all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in Putnam County, Florida, Parcel Nos. 34-08-27-0000-0120-0010, 03-09-27-0000-0050-0000, 04-09-27-0000-0010-0011, 04-09-27-0000-0010-0010" (collectively, the "**Property**"), (*McCafferty* Doc. # 56, ¶ 2), legally described as follows:

> Parcel ID # 34-08-27-0000-0120-0010 (Putnam County): The Southwest ¼ of the Southwest ¼ of Section 34, Township 8 South, Range 27 East. Also shown as Lot 4 on the Map of Bridgeport Farms recorded in Map Book 3, Page 170 of the Public Records of Putnam County, Florida;
>
> Parcel ID # 03-09-27-0000-0050-0000 (Putnam County): The Northwest ¼ of the Northwest ¼ of Section 3, Township 9 South, Range 27 East. Also shown as Lot 5 on Map of Bridgeport Farms, recorded in Map Book 3, Page 170, of the Public Records of Putnam County, Florida;
>
> Parcel ID # 04-09-27-0000-0010-0011 (Putnam County): The East ½ of the Northeast ¼ of the Northeast ¼ of Section 4, Township 9 South, Range 27 East, Putnam County, Florida;

TOGETHER with an easement, 60 feet in width, for INGRESS and EGRESS and utility purposes, the centerline of which is described as follows:

For a POINT OF REFERENCE commence at a point South 00 degrees 59 minutes 00 seconds West 30 feet of the Northwest corner of Parcel #2 as described in that certain Warranty Deed recorded in Official Records Book 1080, Page 699, Public Pecords of Putnam County, Florida and more particularly described as the East ½ of the Northeast ¼ of the Northeast ¼ of Section 4, Township 9 South, Range 27 East; thence North 89 degrees 17 minutes 53 seconds West 673.76 feet; thence North 55 degrees 13 minutes 36 seconds West 135.65 feet; thence North 72 degrees 54 minutes 39 seconds West 547.82 feet; thence North 87 degrees 25 minutes 39 seconds West 547.82 feet; thence North 87 degrees 25 minutes 41 seconds West 687.59 feet, said point being in the right-of-way of Millican Road, and the termination of this centerline description;

<u>Parcel ID # 04-09-27-0000-0010-0010</u> (Putnam County): COMMENCE at the Northeast corner of Section 4, Township 9 South, Range 27 East, Putnam County, Florida; thence South 00 degrees 59 minutes 00 seconds West 1328.05 feet to the Southeast corner of the Northeast ¼ of the Northeast ¼ of Section 4, Township 9 South, Range 27 East; thence North 89 degrees 26 minutes 50 seconds West, 655.60 feet to the POINT OF BEGINNING; thence continue North 89 degrees 26 minutes 50 seconds West 981.82 feet; thence North 00 degrees 59 minutes 00 seconds East 1332.32 feet; thence South 89 degrees 17 minutes 53 seconds East 981.80 feet; thence South 00 degrees 59 minutes 00 seconds West 1329.76 feet to the POINT OF BEGINNING;

TOGETHER with an easement, 60 feet in width, for INGRESS and EGRESS and utility purposes, the centerline of which is described as follows:

For a POINT OF REFERENCE commence at a point South 00 degrees 59 minutes 00 seconds West 30 feet of the Northwest corner of Parcel #2 as described in that certain Warranty Deed recorded in Official Records Book 1080, Page 699, Public Pecords of Putnam County, Florida, and more particularly described as the East ½ of the Northeast ¼ of Section 4, Township 9 South, Range 27 East; thence North 89 degrees 17 minutes 53 seconds West 673.76 feet; thence North 55 degrees 13 minutes 36 seconds West 135.65 feet; thence North 72 degrees 54 minutes 39 seconds West 547.82 feet; thence North 87 degrees 25 minutes 41 seconds West 687.59

feet, said point being in the right-of-way of Millican Road, and the Termination of this centerline description.

4. On April 8, 2008, Michael Lee McCafferty executed Quit Claim Deeds transferring ownership of the Property to the Receiver. Copies of the duly recorded Quit Claim Deeds are attached as **Exhibit A** to the Motion and Memorandum and are incorporated herein by reference.

## THE PROPOSED SALE

5. The Receiver has recommended, and the Court finds, that it is in the best interest of the victims of the fraud to offer the Property at public sale, as a bundled whole, in "as is" condition and without warranties of any type.

6. The Receiver has entered into an *Agreement Concerning the Purchase and Sale of Real Property at Judicial Auction* (the "**Upset Bid Agreement**"), pursuant to which Beau Hadden of Brooklyn, New York (the "**Upset Bidder**"), has agreed to offer to purchase the Property, as a whole, at public sale, for the purchase price of $100,000 (the "**Upset Bid**'), on the terms set forth in the Upset Bid Agreement. A copy of the Upset Bid Agreement is attached as **Exhibit A** to the Motion and Memorandum and is incorporated herein by reference. The Court finds that the terms of the Upset Bid Agreement are fair and reasonable and in the best interests of the fraud victims.

7. Pursuant to the Court's authorization, and subject to the approval of the Court, the Receiver has also entered into a Listing Agreement with Coldwell Banker Commercial Benchmark (the "**Listing Agreement**"), a copy of which is attached as **Exhibit D** to the Motion and Memorandum and is incorporated herein by reference. The

Court finds that the terms of the Listing Agreement are fair and reasonable and in the best interests of the fraud victims and hereby approves the Listing Agreement.

8. The Receiver has recommended, and the Court finds, that it is in the best interests of the fraud victims that the Receiver have authority, at his discretion, to establish other bid terms or conditions of the sale, including the sale of the Property on an "all cash" basis, payable at the time of the conclusion of the Judicial Auction or within thirty (30) days of the Court's confirmation of the sale, and other terms similar to those contained in the Upset Agreement, with such terms to be announced by the Receiver at the Judicial Auction.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that:

(i) The Receiver is authorized to conduct a public sale of the Property pursuant to 28 U.S.C. §§ 2001 - 2002 (the "**Judicial Auction**");

(ii) **Thursday**, **December 8, 2011**, **a**t **10:00 am Eastern Standard Time**, at 649 Highway 17 North, Palatka, Putnam County, Florida 32177, is the date, time and place for the Judicial Auction, subject to adjournment;

(iii) The Receiver is hereby authorized and directed, prior to the date set for the Judicial Auction, to publish notice in a form substantially similar to that attached as **Exhibit D** to the Motion and Memorandum and incorporated hereby by reference (the "**Publication Notice**"), once a week for a period of four (4) weeks, in a newspaper or newspapers regularly issued and of general circulation in the county, state, or judicial district of

the United States wherein the Property is situated as the Receiver may select, and to take such further steps, if any, as the Receiver deems appropriate to further advertise and promote such sale;

(iv) The Receiver is hereby authorized and directed to set the Upset Bid as the minimum bid price for the Property;

(v) The Receiver is hereby authorized, at his discretion, to establish other bid terms or conditions of the sale, including the sale of the Properties on an "all cash" basis, payable at the time of the conclusion of the Judicial Auction or within thirty (30) days of the Court's confirmation of the sale, and other terms similar to those contained in the Upset Agreement, with such terms to be announced by the Receiver at the beginning of bidding at the Judicial Auction;

(vi) The Receiver is hereby authorized and directed to conduct the Judicial Auction and to accept the highest and best bid received at the Judicial Auction, as determined by the Receiver in his discretion, and to secure the approval of the Court to such sale, which approval may be telephonically given at a telephonic hearing to be held with the Court on **Thursday, December 8, 2011, at 11:00 a.m. Eastern Standard Time**, subject to adjournment;

(vii) The Receiver is authorized and directed to pay all costs incurred in connection with maintaining or preparing the Property for the Judicial Auction and advertising and otherwise promoting the Judicial Auction,

including, without limitation, the costs of publishing the Publication Notice, and the commission provided for in the Listing Agreement, which Listing Agreement the Court hereby approves; and

(viii) The Receiver is authorized and directed to Close on the sale of the Property at the time of the conclusion of the Judicial Auction or within thirty (30) days after the sale is confirmed by the Court.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of November 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record